UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TANYA WARD JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Case No. 04-356 (RJL) |
| | ) |
| DONALD L. EVANS, SECRETARY, | ) |
| U.S. DEPARTMENT OF | ) |
| COMMERCE, | ) |
| | ) |
| Defendant. | |

MEMORANDUM OPINION
(August 10, 2005) [#4]

Tanya Ward Jordan ("plaintiff" or "Jordan"), a seventeen-year employee of the defendant U.S. Department of Commerce ("DOC"), brought this action against the DOC alleging various employment discrimination claims. On December 3, 2004, the Court granted the defendant's Motion to Dismiss the Amended Complaint [#4] with regard to the plaintiff's Title VII claims, but ordered the plaintiff to show cause as to why her remaining claims, brought under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165, the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 1-2502, et seq., and 42 U.S.C. § 1981,[1] should not also be dismissed for failure to state a claim. The issue is now fully briefed and ripe for review. After due consideration of the

---

[1] Jordan has since withdrawn her Section 1981 claim. See Pl.'s Show Cause Br. at 1.



parties' submissions, the relevant law, and the entire record herein, the Court GRANTS defendant's motion and dismisses the case with prejudice.

## ANALYSIS

### I. Standard of Review

The Court will dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Court must accept as true all of the factual allegations set forth in the complaint. *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985).

### II. The ADA Claim

The federal government is not subject to claims brought pursuant to the ADA because the ADA expressly states that "the term 'employer' does not include the United States." 42 U.S.C. § 12111(5)(B)(I). As a result, a federal employee has no remedy for employment discrimination *under the ADA*. *Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998). Of course, a federal employee is not without recourse. Indeed, the Rehabilitation Act provides a remedy, in fact the exclusive remedy, for a federal employee's disability discrimination claim if the employee

first exhausts her administrative remedies. *Ward v. Kennard*, 133 F. Supp. 2d 54, 57 (D.D.C. 2000); *Rattner v. Bennett*, 701 F. Supp. 7, 9 (D.D.C. 1988).[2]

Here, the complaint at issue, the First Amended Complaint, only references the ADA, and not the Rehabilitation Act, in support of plaintiff's employment discrimination claim. Although plaintiff moved to amend that complaint to add a cause of action under the Rehabilitation Act, the Court denied that motion because plaintiff's claim would be equally without merit under the Rehabilitation Act due to her failure to exhaust her administrative remedies. *Thorne v. Cavazos*, 744 F. Supp. 348, 350 (D.D.C. 1990) ("[T]he 1978 amendments to the Rehabilitation Act incorporated § 717 of Title VII, which makes exhaustion a prerequisite to filing a judicial complaint alleging a Title VII violation in the federal workplace."); *see also Ward*, 133 F. Supp. 2d at 61. Indeed, in its December 3, 2004 Memorandum Opinion, this Court held that Jordan failed to exhaust her administrative remedies with regard to her Title VII claims as well. Mem. Op. at 24. Thus, having failed to exhaust her administrative remedies, the defendant's motion to dismiss plaintiff's ADA claim is granted.

---

[2] Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Services Admin.*, 425 U.S. 820, 835 (1976). Jordan's contention that "the Rehab[ilitation] Act makes the Americans with Disabilities Act . . . applicable to the federal government under 29 C.F.R. § 1614.203" is based upon an improper analysis of the regulation. Section 1614.203, the regulation upon which she relies, simply states that the standards used to determine a violation of the Rehabilitation Act are the standards applied under the ADA. 29 C.F.R. § 1614.203(b). This does not create a cause of action for discrimination in federal employment under the ADA.

## III. The DCHRA Claim

Jordan also contends that the DOC violated the DCHRA by transferring her "to a high-stress position against the advice of the DOC Medical Officer[]" and failing to accommodate her disability.[3] Pl.'s Show Cause Br. at 16-22. DOC moves to dismiss this claim on the grounds that the federal government cannot be sued under the DCHRA. The Court agrees.

It is well established that the United States is immune from suit unless a waiver of federal sovereign immunity was "'unequivocally expressed' in the statutory text." *U.S. v. Idaho*, 508 U.S. 1, 6 (1993); *see, e.g., Wolfe v. Danzig*, 2001 U.S. Dist. LEXIS 826 at *6-7 (D.D.C. Jan. 22, 2001). As noted in *Wolfe*, because the DCHRA was enacted by the D.C. City Council, and not the United States Congress, "it would be impossible for the DCHRA itself to contain a waiver of sovereign immunity." *Id.* at *7 ("[T]he Court finds no evidence in any federal statute that Congress intended to allow the federal government to be sued for discrimination under the DCHRA."). Accordingly, because the DOC cannot be sued under the DCHRA, the Court dismisses plaintiff's DCHRA claim for failure to state a claim upon which relief may be granted.

---

[3] Under the DCHRA, it is unlawful to "fail or refuse to hire, or to discharge, any individual; or otherwise to discriminate against any individual, with respect to his compensation, terms, conditions, or privileges of employment, including promotion; or to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee" either "wholly or partially for a discriminatory reason based upon the race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, family responsibilities, disability, matriculation, or political affiliation of any kind." D.C. Code § 201402.11(a)(1).

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss and dismisses the action in its entirety. An order consistent with this ruling accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge